UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT 3 1 2019
Clerk, U.S. District and
Bankruptcy Courts

CURTIS LEE WATSON, )
                                          )
           Petitioner, )
                                          )
v. )    Civil Action No.: 19-cv-02714 (UNA)
                                          )
UNITED STATES OF AMERICA, )
                                          )
           Respondent. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of petitioner's *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and application for leave to proceed *in forma pauperis*. Petitioner's *in forma pauperis* application will be granted and his petition will be dismissed without prejudice for lack of jurisdiction. His motion for injunctive relief will be denied as moot.

Petitioner was convicted and sentenced in the District of Columbia Superior Court. *See District of Columbia v. Watson, Curtis Lee*, Nos. 1976 FEL 091888 (D.C. Super. Ct. filed Jul. 13, 1976), 1977 FEL 069971 (D.C. Super. Ct. filed Sept. 19, 1997). The conviction was affirmed on direct appeal. *See Watson v. United States*, Nos. 13796, 23825 (D.C. Nov. 5, 1979) (per curiam). Since that time, petitioner has pursued many attempts through various avenues of post-conviction relief. He filed a litany of matters in this court and others, including but not limited to, prior habeas corpus actions.

Petitioner, who has since been released from incarceration,[1] once again seeks to vacate or set aside his sentence or void the judgment of the trial court. He alleges that (1) he was denied the

---

[1] An individual can only invoke habeas jurisdiction if he is "in custody" because of an order of a state or federal court. 28 U.S.C. § 2254(a) (prisoners in state custody); 28 U.S.C. § 2255 (prisoners in federal custody). A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because

1

right to trial counsel, and (2) that the consolidated court docket from his underlying Superior Court prosecution contains various errors regarding hearing dates and the attendance, or lack thereof, of petitioner and/or his counsel at such hearings.

As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Such is the province of the District of Columbia Court of Appeals.

Furthermore, unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not

---

parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she or he pleases," as when a person is released on bail or on his own recognizance before trial, *see, e.g., Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas). Here, petitioner is no longer incarcerated, and it is unclear from the petition whether he is currently subject to any liberty constraints which would satisfy this custodial requirement.

be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *see also Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011).

Petitioner has not claimed, let alone shown, that his local remedy is or was inadequate to address his grounds for relief. Thus, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate Order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 31, 2019